# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6944 | **DATE** | 7/3/2002 |
| **CASE TITLE** | Kamlesh Sheth vs. Akram Namou, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. No. 20-1) is granted. This case is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | **2** number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JUL 8 2002 date docketed | |
| | Notified counsel by telephone. | | **26** |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| ETV | courtroom deputy's initials | 02 JUL -3 PH 5:09 U.S. DISTRICT COURT CLERK date mailed notice | |
| | | Date/time received in central Clerk's office mailing deputy initials | |



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KAMLESH SHETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 00 C 6944 |
| | ) |
| AKRAM NAMOU, BURT KASSAB, | ) Judge Rebecca R. Pallmeyer |
| SAM ABDUL, CINCINNATI NIGHTS, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This action arises out of the sale of a hotel in Cincinnati, Ohio, by Defendant Cincinnati Nights, Inc., an Ohio corporation, to Royal Vale Hospitality of Cincinnati, Inc. ("Royal Vale"), an Illinois corporation. Plaintiff Kamlesh Sheth is an Illinois citizen and 50% owner of Royal Vale. Defendants Akram Namou, Burt Kassab, Sam Abdul and Cincinnati Nights move to dismiss Plaintiff's complaint on the ground that the real party in interest is Royal Vale. If Royal Vale were substituted as Plaintiff, Defendants argue, diversity would be destroyed because Royal Vale's principal place of business is Ohio, where Defendants Abdul and Cincinnati Nights, Inc. are citizens. For the reasons explained here, Defendants' motion is granted, and the complaint is dismissed without prejudice.

## DISCUSSION

### A. Proper Plaintiff

Every action must be prosecuted in the name of the real party of interest. FED. R. CIV. P. 17(a). Defendants point out that the real party in interest in this case is Royal Vale, not Plaintiff. (Defendants' Motion to Dismiss (hereinafter "Defendants' Motion"), at 2-3.) Plaintiff agrees.

(Plaintiff's Response to Defendants' Motion to Dismiss (hereinafter "Plaintiff's Response"), at 1.)[1] Thus, if this action were to proceed, Plaintiff would be required to substitute Royal Vale for Sheth in a First Amended Complaint, Plaintiff seeks leave to do so, (Plaintiff's Response, at 2), but If Royal Vale has its principal place of business in Ohio, its participation in the case destroys diversity.

## B. Principal Place of Business

It is a fundamental rule of diversity jurisdiction that diversity must be complete; no defendant may be a citizen of the same state as any plaintiff. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). A corporation is a citizen of any state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

In determining where a corporation has its principal place of business, the Seventh Circuit follows the "nerve center" approach. Under that approach, a corporation's principal place of business is where its executive headquarters are located. *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *see also Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) (under the "nerve center" test, "we look for the corporation's brain, and we ordinarily find it where the corporation has its headquarters"). The amount of business a corporation conducts in a given state does not determine the corporation's nerve center "[s]o long as the record reveals . . . that its principal place of business is elsewhere." *Metropolitan Life*, 929 F.2d at 1223.

Plaintiff's claim for Illinois is thin at best. Royal Vale is owned 50/50 by Plaintiff and Yogesh Shah. (Sheth Dep. (June 2002), Ex. B to Defendants' Reply in Support of their Motion to Dismiss

---

[1] In his individual capacity, Sheth executed the Purchase and Sale Agreement for the hotel in March 2000. (Ex. E to Defendants Motion, at 17.) Royal Vale was incorporated in April 2000. (Sheth Aff., Ex. A to Plaintiff's Response.) On May 25, 2000, Sheth assigned his rights under the Purchase and Sale Agreement to Royal Vale, (Ex. F to Defendants' Motion), Cincinnati Nights executed a Quitclaim Deed to Royal Vale, (Ex. A to Defendants' Motion), and Cincinnati Nights and Royal Vale signed a Bill of Sale, (Ex. B to Defendants' Motion).

2

(hereinafter "Defendants' Reply"), at 5.) Plaintiff is the corporation's secretary,[2] Shah its president. (*Id.* at 6.) The corporation's sole business is the operation of the Cincinnati hotel. (Sheth Dep. (Nov. 2001), Ex. A to Defendants' Reply, at 8.) Shah resides in Ohio and manages the hotel. (*Id.*) Plaintiff Sheth lives in Illinois and maintains offices at a Best Western hotel, (*id.* at 3), which is not owned or operated by Royal Vale, (Sheth Dep. (June 2002), Ex. B to Defendants' Reply, at 18). Plaintiff regularly visits Cincinnati to review the corporation's business, to discuss business issues with Shah, and to assist in on-site matters such as hiring. (*Id.* at 6-10.)

Plaintiff relies on a conclusory, albeit sworn, statement to the effect that the executive headquarters of the corporation are at his Best Western offices in Glen Ellyn, Illinois.[3] (Sheth Aff., Ex. A to Plaintiff's Response, ¶ 3.) Shah also stated in his deposition that the "corporate office" is the Best Western in Chicago out of which Sheth works. (Shah Dep., Ex. C to Defendants' Reply, at 12-13.) Plaintiff contends this evidence establishes that the nerve center of Royal Vale is in Illinois.

Defendants contend the more reasonable conclusion is that Royal Vale has its nerve center in Ohio, and the court agrees. The sole business of the corporation is to run a hotel located in Cincinnati, Ohio. The president works out of the Cincinnati hotel, and it is there that the secretary and president typically meet and make decisions. Shah, acting almost entirely from Ohio, is involved in most if not all decisions. He is responsible for paying the hotel's bills. (Shah Dep., Ex.

---

[2] In his November 2001 deposition, Sheth identified himself as the corporation's CEO. (Sheth Dep. (Nov. 2001), Ex. A to Defendants' Reply, at 8.) However, in his June 2002 deposition, he accepted counsel's characterization of his position as secretary and stated that he has no other positions. (Sheth Dep. (June 2002), Ex. B to Defendants' Reply, at 6.) In addition, Sheth is identified as the corporate secretary, not CEO, in the Resolution of the Board of Directors submitted with Defendants' Reply. (*See* Ex. I to Defendants' Reply.)

[3] The other statements in the affidavit, that Royal Vale was formed as an Illinois corporation and that it has a registered agent in Wheaton, Illinois (Sheth Aff. ¶¶ 1-2) are irrelevant to this analysis. *See Hughes v. Industrial Steel Construction, Inc.*, 1994 WL 75029, *3, *4 n.2 (N.D. Ill. 1994) (noting fact that defendant is Illinois corporation with a registered agent in Illinois, as required by law, is irrelevant to the question of principal place of business).

C to Defendants' Reply, at 9.) Shah also has handled many significant matters on his own, including problems with the hotel's franchise agreement, (see Ex. D to Defendants' Reply), and problems with the hotel's liquor license, (Shah Dep., Ex. C to Defendants' Reply, at 26-28).

In addition, it appears that Plaintiff attends to corporate business through his trips to Ohio, not from his office in Illinois. (See Sheth Dep. (June 2002), Ex. B to Defendants' Reply, at 6-10.) Even if Plaintiff did not regularly visit Cincinnati to review the business, the conclusion would likely be the same. See Kanzelberger v. Kanzelberger, 782 F.2d 774, 777 (7th Cir. 1986) (discussing with disfavor the argument that a corporation's principal place of business was in Illinois because of the location of president's office therein, where all other elements of corporation's operation were in Wisconsin); see also Chamberlain Mfg. Corp. v. Maremont Corp., 828 F. Supp. 589, 593-94 (N.D. Ill. 1993) (holding defendant company's headquarters was in the state where almost all of its directors and officers resided, where its principal bank account was located, and where its major decisions were made).

Royal Vale's nerve center is in Ohio. It is therefore a citizen of Illinois (place of incorporation) and Ohio (principal place of business) under 28 U.S.C. § 1332(c)(1). Because Defendant Cincinnati Nights, Inc. is an Ohio corporation, this conclusion destroys complete diversity.

## CONCLUSION

Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. No. 20-1) is granted. This case is dismissed without prejudice.

ENTER:

Dated: July 3, 2002

REBECCA R. PALLMEYER
United States District Judge

4